**SO ORDERED.**

**SIGNED this 26 day of September, 2006.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL R. BERRY, JR. | ) | Case No. 05-14423 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| LINDA S. PARKS, Trustee | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 05-5755 |
| | ) | |
| MICHAEL R. BERRY, JR, | ) | |
| SNAP-ON CREDIT LLC | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

The trustee filed this adversary proceeding invoking her hypothetical lien creditor

avoidance powers under 11 U.S.C. §544(a)[1] to avoid and preserve for the benefit of the estate

_____

[1] Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

1

Snap-On Credit LLC's ("Snap-On") claim of a security interest in debtor's Snap-On tools and equipments ("Property"). The trustee contends Snap-On's security interest in the Property may be avoided because it listed "Mike Berry" as the debtor's name on the financing statement, rather than using his full legal name of "Michael R. Berry, Jr." The trustee appeared here by Jennifer Goheen-Lynch of Hite, Fanning & Honeyman L.L.P. Defendant Snap-on appears by Kori Crouse of Cohen, McNeile & Pappas P.C.

The trustee and Snap-On submitted this matter to the Court on stipulated facts[2] and briefs.[3] After careful review of the stipulations and authorities, the Court is now ready to rule and makes its findings of facts and conclusions of law in accordance with Fed. R. Civ. P. 52 and Fed. R. Bankr. P. 7052.

Jurisdiction

This is a core proceeding over which the Court has subject matter jurisdiction.[4]

Findings of Fact

On October 7, 2003, the debtor executed a credit sales contract ("Contract") to purchase tools and equipment from Snap-On and granted Snap-On a security interest in the purchased items. On October 17, 2003, Snap-On filed a UCC-1 financing statement naming "Mike Berry" as the debtor.[5] The financing statement covered Snap-On's security interest in all of debtor's Snap-On tools and equipment, now owned or later acquired (the "Property").

---

[2] Dkt. 34..

[3] Dkts. 35 and 36.

[4] 28 U.S.C. § 157(b)(2)(K); 28 U.S.C. § 1334(b).

[5] See Ex. E. The UCC-1 financing statement form utilized by Snap-On was an approved form by the Kansas Secretary of State and bears a form date of 7/29/95.

2

On July 19, 2005, the debtor filed his bankruptcy case, listing his name as "Michael R. Berry, Jr." The only other name listed by the debtor as used in the last six years was "Mike Berry, Jr." The debtor signed the petition as "Michael R. Berry, Jr."

The trustee seeks to avoid Snap-On's unperfected security interests, turnover of any and all payments that Snap-On, has received to date, plus interest at the judgment rate, turnover of the Property from the debtor, any and all outstanding payments from the debtor, plus interest at the judgment rate, as well as for all payments on the Contract. In its Answer, Snap-On claims it "perfected its security interests by filing a UCC-1 on October 17, 2003, clearly showing the debtor's name, the collateral and the creditor's name."[6]

Attached to the trustee's memorandum, but absent from the stipulations, is the trustee's UCC internet search under the name "Michael R. Berry, Jr." which did not reveal Snap-On's financing statement.[7] Because the stipulations lack any reference to an actual UCC search conducted by the trustee, the Court cannot find as a fact that an official UCC search in the name of Michael R. Berry, Jr. performed at the office of the Secretary of State of Kansas or via the Internet on the Secretary's website would not unearth Snap-on's financing statement.

Since filing bankruptcy, the balance owed on the Property is $2,408.84 and the debtor has paid Snap-On approximately $485 on the Contract.

Analysis

Article 9 of the Kansas Uniform Commercial Code ("UCC"), as revised and adopted by the Kansas Legislature in 2000, governs whether Snap-On's security interest was perfected.

---

[6] Dkt. 9.

[7] Dkt. 35, Ex. F.

3

Case 05-05755   Doc# 38   Filed 09/26/06   Page 3 of 9

Kan. Stat. Ann. § 84-9-502(a)(1) provides that a financing statement is sufficient only if it provides the name of the debtor. Kan. Stat. Ann. § 84-9-503(a) governs the sufficiency of the debtor's name and in the case of an individual, the financing statement must provide the "individual [] name of the debtor."[8] If the financing statement does not contain the debtor's name, the financing statement is seriously misleading under Kan. Stat. Ann. § 84-9-506(b). Whether the name used in the financing statement is seriously misleading depends on a search of the records of the filing office, using the filing office's standard search logic, resulting in the financing statement being found. Kan. Stat. Ann. § 84-9-506(c) provides that "[i]f a search of the records of the filing office under the debtor's correct name, using the filing office's standard search logic, if any, would disclose a financing statement that fails sufficiently to provide the name of the debtor in accordance with K.S.A. 2005 Supp. 84-8-503(a) and amendments thereto, the name provided does not make the financing statement seriously misleading."

The Kansas Supreme Court recently interpreted these UCC provisions in *Pankratz Implement Co. v. Citizens Nat. Bank*.[9] In *Pankratz*, the Kansas Supreme Court held that a financing statement that used "Roger" as the individual debtor's first name, rather than "Rodger," which was the debtor's legal first name, was seriously misleading and therefore not effective as against a later filed financing statement that used the debtor's legal name.

In reaching its decision, the *Pankratz* court followed the analysis of the Bankruptcy Appellate Panel of the Tenth Circuit (the "BAP") in *Clark v. Deere and Company, et al (In re*

---

[8] Kan. Stat. Ann. § 84-9-503(a)(5).

[9] 281 Kan. 209, 218, 130 P.3d 57, 63 (2006).

*Kinderknecht)*.[10] In *Kinderknecht*, the debtor's legal name was "Terrance Joseph Kinderknecht," and he was informally known as "Terry." The creditor's financing statements listed "Terry J. Kinderknecht" as the debtor's name. The trustee filed an adversary proceeding against the creditor, seeking to avoid its interest, pursuant to 11 U.S.C. § 544(a)(1), claiming that the financing statements were "seriously misleading" and ineffective. The BAP concluded that for a financing statement to be sufficient under Kansas law, the secured creditor must list an individual debtor by his or her legal name, not a nickname.[11] The *Kinderknecht* court noted this conclusion was consistent with the more specific provisions applicable to entity debtors under § 84-9-503(a) and the language in the Financing Statement Form as set forth in § 84-9-521. Moreover, practically speaking, it sets a clear test so as to simplify the drafting of financing statements and UCC search parameters, and avoids litigation as to the appropriateness of a debtor's nickname and whether a reasonable searcher would have or should have known to use the name.

The *Kinderknecht* court held that by using the debtor's nickname in its financing statements, the creditor failed to provide the name of the debtor within the meaning of § 84-9-503(a). In addition, because the financing statement did not sufficiently provide the name of the debtor under § 84-9-503(a), it was "seriously misleading" as a matter of law pursuant to § 84-9-506(b). The *Kinderknecht* court further held § 84-9-506(c) did not save the financing statement from being "seriously misleading" because a search using the debtor's correct name "Terrance," did not disclose the creditor's financing statement.

---

[10] 308 B.R. 71, 75, fn15 (BAP 10th Cir. 2004).

[11] *Id.* at 73.

Snap-On argues that the full legal name of an individual debtor is not necessarily required on a financing statement in order to be sufficient, citing this Court's decision in *Nazar v. Bucklin National Bank (In re Erwin)*.[12] Snap-On claims that even if using "Mike Berry" is deemed insufficient, the financing statement is not seriously misleading pursuant to § 84-9-506(c) because a reasonably diligent search under the debtor's correct name of "Mike Berry" would have located Snap-On's financing statement, again citing *Erwin*.

*Erwin* was flawed for several reasons. First, the parties' stipulations referred to a search on the Access Kansas website that revealed the debtor's financing statement containing his nickname, not his legal name. This Court overlooked the controlling administrative regulation, K.A.R. 7-127-24, which declared, "[t]he supplemental database shall not be considered part of the standard search logic and shall not constitute an official search by the secretary of state." Neither party to *Erwin* brought this authority to the Court's attention. Nor did either party offer in evidence a search utilizing the official standard search logic. Secondly, and more importantly, the Kansas Supreme Court has since concluded in *Pankratz* that Kan. Stat. Ann. § 84-9-506(c) means that only if a search for a financing statement using the Secretary's official search logic would turn up the otherwise flawed financing statement is that statement "not seriously misleading."[13] In light of the *Pankratz* and *Kinderknecht* decisions, *Erwin* should be accorded the proverbial "decent burial."

Alternatively, Snap-On urges this Court to distinguish *Kinderknecht* because, in that case, the debtor listed no other names used by debtor in the past six years. Here, Snap-On claims the

---

[12] No. 02-5176, 2003 WL 2151359 (Bankr. D. Kan. June 27, 2003).

[13] *Pankratz*, 281 Kan. at 218.

debtor acknowledges one of his legal names is "Mike" by listing it as a name used by him in the past six years. In the absence of *stipulated* proof that Snap-On's financing statement would be revealed by an official search, the Court cannot speculate on the outcome of such a search. The debtor's listing "Mike" as a name he has used in the past six years does not make "Mike" the debtor's legal name for Article 9 purposes. "Nickname" is defined as "a familiar or shortened form of a proper name."[14] "Mike" is clearly short for "Michael" and is debtor's nickname. The parties have stipulated that the debtor signed his petition as "Michael R. Berry, Jr," and listed as another name used, "Mike Berry, Jr." The financing statement in question refers to "Mike Berry," not a name listed by the debtor on this petition nor likely to be his legal name.

This Court concludes, as did the Kansas Supreme Court and the BAP, that the debtor's legal name should be used on a financing statement in order to insure that statement being revealed in a search. While this standard is easily stated, it is perhaps less easily enforced in the absence of a clear statutory declaration of what a "legal name" is. As one prominent commentator notes:

> . . . the most pragmatic approach for the courts is to employ a legal name standard for individual debtors. In most cases, the name on the debtor's bankruptcy petition, a driver's license, or Social Security card will be the best evidence of the debtor's legal name. If there is a conflict among these documents, the debtor's birth certificate may be the best evidence.[15]

Conclusion

As stated in *Pankratz and Kinderknecht*, in order to comply with Kan. Stat. Ann. § 84-9-

---

[14] *The American Heritage Dictionary*, Second College Edition, 841 (1982).

[15] Barkley Clark and Barbara Clark, 1 THE LAW OF SECURED TRANSACTIONS, ¶ 2.09[1][e] (2005).

502(a)(1), a Kansas financing statement must contain the legal name of the debtor. If it does not contain the debtor's legal name, the financing statement is seriously misleading under Kan. Stat. Ann. § 84-9-506. Kan. Stat. Ann. § 84-9-503(a)(5) requires that, to be "sufficient," the financing statement must provide the "individual name of the debtor." If a creditor utilizes a name other than the individual debtor's legal name, the measure of whether that name's use is seriously misleading is whether, "using the filing office's standard search logic," a search under that name would result in the financing statement being found. *Pankratz* holds that the debtor's correct legal name must be used in order to provide notice of the secured party's interest in the debtor's property. As that court said, "It is particularly important to require exactness in the name used, the *debtor's legal name*."[16] This fairly places the burden on the secured party to ascertain and employ the debtor's proper legal name to assure the accuracy of any search and to "avoid litigation as to the commonality or appropriateness of a debtor's nickname, and as to whether a reasonable searcher would have or should have known to use the name."[17]

If the parties here had stipulated to the genuineness of the search attached to the trustee's memorandum, the Court would be compelled to grant judgment for the trustee. In the absence of that stipulation, the Court cannot so hold. In the interest of justice, however, the Court makes the following disposition of this matter. The parties shall notify the Court not later than ten days from the date this order is issued whether or not they stipulate to the validity of the search document contained in the trustee's memorandum. If they so stipulate, the Court will enter a supplemental memorandum and, if appropriate, a judgment consistent with the conclusions of

---

[16] 281 Kan. at 224.

[17] *In re Kinderknecht*, 308 B.R. 75-76.

law set out above. If the parties do not so stipulate, the matter will be set for a one-hour evidentiary hearing on the factual issue of whether a search in the name of "Michael R. Berry, Jr.," employing the secretary's standard search logic, would yield Snap-On's financing statement.

# # #