**SO ORDERED.**

**SIGNED this 01 day of December, 2006.**



_____
**ROBERT E. NUGENT**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL R. BERRY, JR. | ) | Case No. 05-14423 |
| | ) | **Chapter 7** |
| Debtor. | ) | |
| | ) | |
| LINDA S. PARKS, Trustee | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 05-5755 |
| | ) | |
| MICHAEL R. BERRY, JR, | ) | |
| SNAP-ON CREDIT LLC | ) | |
| Defendants. | ) | |

## SUPPLEMENTAL MEMORANDUM OPINION

The trustee filed this adversary proceeding invoking her hypothetical lien creditor avoidance

1

powers under 11 U.S.C. §544(a)[1] to avoid and preserve for the benefit of the estate Snap-On Credit LLC's ("Snap-On") claim of a security interest in debtor's Snap-On tools and equipment ("Property"). The trustee contends Snap-On's security interest in the Property may be avoided because it listed "Mike Berry" as the debtor's name on the financing statement, rather than using his full legal name of "Michael R. Berry, Jr."

The trustee and Snap-On submitted this matter to the Court on stipulated facts[2] and briefs.[3] After reviewing them, the Court entered its first Memorandum Opinion in this matter on September 26, 2006.[4] The findings of fact made therein are incorporated by reference as if set out in full, as are the conclusions of law. In summary, the Court held that ". . . in order to comply with KAN. STAT. ANN. § 84-9-502(a)(1), a Kansas financing statement must contain the legal name of the debtor. If it does not contain the debtor's legal name, the financing statement is seriously misleading under KAN. STAT. ANN. § 84-9-506."[5] The Court further concluded that the "individual name" of the debtor must be referenced on the financing statement and that if a filer uses a name other than the individual debtor's legal name "the measure of whether that name's use is seriously misleading is whether, 'using the filing office's standard search logic,' a search under that name would result in the financing statement being found."[6]

---

[1] Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

[2] Dkt. 34.

[3] Dkts. 35 and 36.

[4] Dkt. 37.

[5] Dkt. 37 at 7-8.

[6] Dkt. 37 at 8.

2

Because the parties had referred to, but not stipulated to an official search of the Kansas UCC records under the debtor's legal name, the Court was unable to render a final decision and granted the parties additional time in which to supplement their stipulations. The parties filed such stipulation on October 5, 2006; it incorporates a copy of an official UCC search conducted by the Trustee on the Kansas Secretary of State's online system on August 2, 2005.[7] The search was made under "Michael R. Berry" and yielded no reference to Snap-On's financing statement.

Therefore, the Court concludes that Snap-On's financing statement referring to "Mike Berry" is "seriously misleading" and that its security interest was unperfected. The security interest is therefore subject to the Trustee's lien creditor status under KAN. STAT. ANN. § 84-9-317(a) and may be avoided by her under § 544. Judgment should therefore be entered on the complaint for the Trustee, avoiding the Snap-On security interest and retaining same for the benefit of the estate under § 551. Since no answer has been filed by defendant Michael R. Berry, Jr., judgment on the complaint should be entered against him by default. A Judgment on Decision will issue this day.

# # #

---

[7] Dkt. 40.